IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL RODRIGUEZ-LOPEZ, et al.,

Plaintiffs,

v.                                                Civil No. 08-1212 (GAG/MEL)

ROMAN VELAZCO-GONZALEZ, et al.,

Defendants.

## OPINION AND ORDER

Plaintiffs Daniel Rodriguez-Lopez, Brenda L. Bezares-Martinez, and the conjugal partnership formed by them, Daniel Rodriguez-Diaz, Maria de los Angeles Muniz-Pellot, and the conjugal partnership formed by them, Fernando Rodriguez-Diaz, Julia Diaz-Rodriguez, and the conjugal partnership formed by them, Emanuelle D. Rodriguez-Muniz, represented by his parents, Susanne J. Rodriguez-Lopez, and Zoraida Rodriguez-Diaz brought this action against former Secretary of Labor Roman Velazco-Gonzalez, the Labor Department of Puerto Rico ("DOL"), former Superintendent of the Puerto Rico Police Department Pedro A. Toledo-Davila, the Police Department of Puerto Rico, Jose R. Dennis-Tavales, Luis Rodriguez, Carmen B. Carrasquillo-Morales, and the Commonwealth of Puerto Rico for violations of the plaintiffs' rights as secured by Title VII and § 1983. Defendants DOL and Velazco-Gonzalez moved to dismiss the plaintiffs' amended complaint (Docket No. 50) pursuant to Fed.R.Civ.P. 12(b)(1) and (6). They argue in their motion to dismiss: a) that the Eleventh Amendment bars section 1983, 42 U.S.C. § 1983, actions against a state, state agency, or any state official in his official capacity for monetary damages; b) that plaintiffs' section 1983 claim is precluded by the Title VII, 42 U.S.C. § 2000e et seq., action; c) that plaintiffs did not comply with Title VII's statute of limitations; d) that the retaliation claims are time-barred; e) that defendant Velazco-Gonzalez is not personally liable under Title VII; f) that plaintiff failed to establish a tangible employment action in order to have a valid claim under Title VII; and g) that, given that all federal claims fail as a matter of law, the supplemental state law claims should also be dismissed. After reviewing the pleadings, the court **GRANTS** in part and

**Civil No. 08-1212 (GAG/MEL)**

**DENIES** in part defendants' motion to dismiss (Docket No. 50).

    **I.**    **Relevant Factual Background as Alleged in the Amended Complaint (Docket No. 48)**

On October 18th, 2004, plaintiff Rodriguez-Lopez started working at the DOL as both a chauffeur and assistant to defendant Velazco-Gonzalez, Secretary of the DOL. Approximately in December 2005, Velazco-Gonzalez started sexually harassing plaintiff Rodriguez-Lopez on a daily basis. Said sexual harassment consisted of invitations to have sexual relations, vulgar sexual language, showing objects of sexual content to plaintiff, and invitations to stay at Velazco-Gonzalez's home. On occasions, plaintiff Rodriguez-Lopez would drive Velazco-Gonzalez to different social activities and Velazco-Gonzalez would make denigrating comments in front of other DOL officials concerning plaintiff. In one such activity Velazco-Gonzalez compared plaintiff's buttocks with those of an inflatable donkey. In said activity Velazco-Gonzalez and other DOL officials began simulating having anal sex with the inflatable donkey.

Velazco-Gonzalez would constantly make daily statements to plaintiff laced with sexual overtones and connotations. On one occasion, while driving Velazco-Gonzalez to the office, he stated to the plaintiff that he had to do things right or else he would "eat his anus." On another occasion plaintiff had to drive other personnel, in Velazco-Gonzalez's official vehicle, to "Condom World" to buy pornographic materials for Velazco-Gonzalez. In one activity at the DOL offices defendant celebrated an official's birthday with pornographic items.

On one occasion Velazco-Gonzalez gave plaintiff Rodriguez-Lopez a movie titled "Broke Back Mountain" and ordered plaintiff to see the movie and tell him the following day who was sodomizing whom. The following day Velazco-Gonzalez asked plaintiff which one of the characters was plaintiff. Plaintiff responded that he did not see the movie. Velazco-Gonzalez got angry and told plaintiff that he was the dark haired character for he was the one being sodomized. He further stated that plaintiff could be sodomized because he had big buttocks and could tolerate being sodomized.

**Civil No. 08-1212 (GAG/MEL)**

Velazco-Gonzalez's sexual harassment compelled plaintiff to present his resignation from employment on August 30th, 2006. Velazco-Gonzalez refused to accept plaintiff's resignation. Instead, Velazco-Gonzalez, in October 2006, transferred plaintiff to the Cooperative Inspector's Office of Puerto Rico. On February 9th, 2007, plaintiff Rodriguez-Lopez filed a sexual harassment complaint against Velazco-Gonzalez at the DOL Anti-discrimination Unit ("ADU"). On February 15th, 2007, from approximately 8:00 pm to 11:00 pm, officers of the Puerto Rico Police Department, at the behest of Velazco-Gonzalez and co-defendants Pedro A. Toledo-Davila, Jose R. Dennis-Tavalez, Luis Rodriguez, and Carmen B. Carrasquillo-Morales, went to plaintiff's home and to the home of Fernando Rodriguez-Diaz and Julia Diaz-Rodriguez, co-plaintiffs in this case, searching for plaintiff in order to have him arrested for not notifying a change of address to the Arms Registry Division of the Puerto Rico Police Department. This police operative took place approximately 13 hours after the press made public plaintiff's sexual harassment complaint against Secretary of Labor Velazco-Gonzalez. It was covered by the press, at the behest of the police, and made the headlines the following day, portraying plaintiff Rodriguez-Lopez in a bad and false light and defaming his good character and reputation in the community. Furthermore, it was done in an abusive and arbitrary manner. Finally, on June 30th, 2007, defendant Velazco-Gonzalez further retaliated against plaintiff Rodriguez-Lopez by withholding budgetary funds to cover plaintiff's employment with the Cooperative Inspector's Office of Puerto Rico, forcing said office to terminate plaintiff's employment.

On February 15, 2008, plaintiffs filed the original complaint in this case (Docket No. 1), which was subsequently amended on November 18th, 2008 (Docket No. 48). In the complaint plaintiffs allege that each of the acts performed by the defendants was done individually, officially, and under color of law in order to intimidate, persecute, and retaliate against plaintiff Rodriguez-Lopez and his family because of his sexual harassment complaint against defendant Velazco-Gonzalez. Al defendants are being sued in both their individual and official capacities.

**Civil No. 08-1212 (GAG/MEL)**

## II.     Standard of Review

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(1); Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. See id.; Parker v. Hurley, 514 F.3d 87, 90 (1st Cir.2008).

## III.    Analysis

### A.     Section 1983 Claim

Defendants argue that plaintiffs' section 1983 claim is precluded by Title VII. The court agrees. Title VII is the exclusive remedy available to a federal employee complaining about job-related discrimination. Castro v. United States, 584 F. Supp. 252 (D.P.R. 1984). Hence, an action under section 1983 based on the same facts as the Title VII violation is precluded. Castro, 584 F. Supp at 259. In Castro, the court cited Brown v. G.S.A., 425 U.S. 820 (1976), holding that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. Therefore, this court holds that Title VII provides an exclusive remedy for claims of discrimination in federal employment and that, therefore, a plaintiff cannot bring a section 1983 claim which is based on the same facts as the Title VII claim. See also Day v. Wayne County Board of Auditors, 749 F.2d 1199, 1204-05 (6th Cir. 1984) (holding that section 1983 cannot be used to enforce Title VII because Title VII has its own remedial enforcement mechanism); cf. Izquierdo Prieto v. Mercado Rosa, 894 F.2d 467, 470 (1st Cir. 1990) (holding that the Age Discrimination in Employment Act and its amendments provide a comprehensive statutory remedy that may not be bypassed through the means of an action under section 1983). For the aforementioned reasons, the court **GRANTS** defendants' motion to dismiss the section 1983 claim as to defendants DOL and Velazco-Gonzalez,

**Civil No. 08-1212 (GAG/MEL)**

in his official capacity.[1]

### B. Title VII Claim

*(i)   Title VII Time-Barred*

Defendants argue in their motion to dismiss that plaintiff failed to comply with Title VII's three-hundred day statute of limitations because plaintiff makes reference to an incident that allegedly occurred in December 2005 and he filed his charge with the ADU on February 9th, 2007. Defendants ignore, however, that the complained-about harassment, as alleged by the plaintiff, occurred continuously from December 2005 until he resigned from his job in August 30th, 2006. Taking the evidence in the light most favorable to the non-moving party, the court would have to find that defendant Rodriguez-Lopez suffered continuous sexual harassment and that the last act of harassment occurred when or immediately before he resigned. According to the continuing violation theory, "the timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002) (holding that in cases of hostile work environment the unlawful employment practice does not occur on any particular day but takes place over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own). "It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." Id. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. Accordingly, if the last act occurred on or about August 30th, 2006, and the defendant filed his charge with the ADU on February 9th, 2007, he did so timely insofar as that date is within three-hundred days of August 30th, 2006. For the aforementioned reasons the court **DENIES** defendants' motion to dismiss as to the Title VII claim.

---

[1] The section 1983 claim against defendant Velazco-Gonzalez, in his personal capacity, however, shall not be dismissed, as discussed *infra*.

5

**Civil No. 08-1212 (GAG/MEL)**

*(ii)   Retaliation Time-Barred*

Defendants argue in their motion to dismiss that plaintiff's retaliation claim is time-barred because plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within one-hundred and eighty days of the alleged retaliation. Plaintiff, on the other hand, alleges that after the alleged retaliation on February 15th, 2007, plaintiff filed a charge with the ADU complaining about the alleged retaliation. This court finds that this issue need not be addressed here. The First Circuit, in Clockendile v. New Hampshire Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001), held that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – e.g., the retaliation is for filing the agency complaint itself." In the present case plaintiff Rodriguez-Lopez alleges that he was the subject of retaliation for having filed a charge for sexual harassment with the ADU on February 9th, 2007. Given that plaintiff timely filed his charge for sexual harassment on February 9th, 2007 and received a right-to-sue letter on November 20th, 2007, his claim for retaliation is properly before this court since it sprung from the sexual harassment complaint. For the aforementioned reasons the court **DENIES** defendants' motion to dismiss as to the retaliation claim.

*(iii)   Individual Liability Under Title VII*

The plaintiff concedes, and the First Circuit has previously held, that there is no supervisory liability under Title VII. See Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009). Henceforth, this court finds that Secretary of Labor Velazco-Gonzalez is not amenable to suit under Title VII. However, the state employer, here the DOL, is amenable to suit under Title VII as the plaintiff's employer. Therefore, the Title VII claim as to the DOL survives defendants' motion to dismiss. For the aforementioned reasons the court **GRANTS** defendants' motion to dismiss as to Velazco-Gonzalez's individual liability claim under Title VII.

The fact that Velazco-Gonzalez cannot be sued in his personal capacity under Title VII does not preclude a cause of action against him in his personal capacity under section 1983. Paragraph 40 of the Amended Complaint (Docket No. 48) states that, at Velazco-Gonzalez's behest, the police

**Civil No. 08-1212 (GAG/MEL)**

was sent to plaintiff Rodriguez-Lopez's house and plaintiffs Fernando Rodriguez-Diaz and Julia Diaz-Rodriguez's house searching for plaintiff Rodriguez-Lopez in order to have him arrested for not notifying a change of address to the Arms Registry Division of the Puerto Rico Police Department. It is important to note that Velazco-Gonzalez has not moved to have his section 1983 claim dismissed inasmuch as it is based on an action other than sexual harassment. Furthermore, any supplemental claims under Puerto Rico law against Velazco-Gonzalez in his personal capacity remain before this court.

      *(iv)*    *Tangible Employment Action*

When deciding a motion to dismiss the court has to accept as true all well-pleaded facts and draw all reasonable inferences in the plaintiff's favor. "Title VII requires [. . .] that the level of incivility or harassment [. . .] amount to either a tangible or a constructive employment action." Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 37 (1st Cir. 2003). "Furthermore, the alleged harassment and the employment action must be causally related." Id. When an employee is the victim of continuous sexual harassment and is forced to resign from his job, he is suffering from a constructive discharge. This is a type of tangible employment action. "For an atmosphere of sexual harassment or hostility to be actionable, we reiterate, the offending behavior must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Pennsylvania State Police v. Suders, 542 U.S. 129, 146-7 (2004) (internal quotations omitted). "A hostile-environment constructive discharge claim entails something more: A plaintiff who advances such a compound claim must show working conditions so intolerable that a reasonable person would have felt compelled to resign." Id. at 147. From the facts alleged in the complaint, it is clear that plaintiff Rodriguez-Lopez suffered from working conditions so intolerable that a reasonable person would have felt compelled to resign. Furthermore an employer, here the DOL, "is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Valentin-Almeyda v. Municipality Of Aguadilla, 447 F.3d 85, 95 (1st

**Civil No. 08-1212 (GAG/MEL)**

Cir 2006).  For the reasons stated above, the court **DENIES** defendants' motion to dismiss the Title VII claim as to defendant DOL.

### C. Supplemental State-Law Claims

Given that the Title VII claim survived defendants' motion to dismiss the court still has jurisdiction to decide plaintiffs' state law claims.  For that reason, the court **DENIES** defendants' motion to dismiss the state law claims for lack of jurisdiction.

### IV. Conclusion

For the abovementioned reasons, the court **GRANTS** in part and **DENIES** in part defendants' motion to dismiss.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of April 2009.

S/Gustavo A. Gelpí

GUSTAVO A. GELPI

United States District Judge

8