IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**DANIEL RODRIGUEZ-LOPEZ, et al.**

    **Plaintiffs,**

    **v.**

**ROMAN VELASCO-GONZALEZ, et al.**

    **Defendants.**

**Civil Action No. 08-1212 (GAG)**

## OPINION AND ORDER

On March 2, 2010, defendants the Labor Department of Puerto Rico ("LDPR") and Roman Velasco-Gonzalez ("Velasco") (collectively "Defendants") filed a motion for reconsideration (Docket No. 121) of the court's opinion and order (Docket No. 118) granting in part and denying in part Defendants' motions for summary judgment (Docket Nos. 96, 98). After reviewing Defendants' motion and the pertinent law, the court **DENIES** Defendants' motion for reconsideration (Docket No. 121).

In its previous order (Docket No. 118), the court found that Lopez had presented sufficient evidence to establish a *prima facie* case of retaliation under Title VII and thus shift the burden to Defendants to produce a legitimate non-retaliatory reason for the negative employment action. (See Docket No. 118 at 15-16.) The court found that Defendants had failed to provide such a reason in their previous motions, and thus was unable to grant summary judgment on this issue. (See Id. at 16). Defendants now move to reconsider the court's order regarding the plaintiff's Title VII retaliation claim. In their motion for reconsideration, Defendants attempt to present evidence demonstrating a legitimate non-retaliatory reason for the termination of the position, which the plaintiff in this case, Daniel Rodriguez-Lopez ("Lopez"), was occupying at the time of his dismissal.

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the

**Civil No. 08-1212(GAG)**                            2

law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." U.S. v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005)). "A court will deny a motion for reconsideration based on the 'new evidence' exception if that evidence 'in the exercise of due diligence could have been presented earlier.'" Id. (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir.2005)).

In the case before the court, all of the evidence presented by Defendants in their motion for reconsideration could have been presented earlier. Defendants have failed to make any assertion that such evidence was not available to them when compiling the record for their motion for summary judgment. Therefore, this evidence would not meet the "new evidence" exception and thus would not constitute valid grounds for the filing of a motion for reconsideration. See Allen, 573 F.3d at 54 (affirming district court's denial of reconsideration when appellant attempted to present new evidence in motion but didn't explain why evidence was previously omitted).

Furthermore, even if the court were to accept the offering of this untimely evidence in reconsidering its previous order, such evidence would not necessarily result in a granting of summary judgment on the issue of retaliation. Lopez has created a genuine issue of material fact with respect to whether or not Velasco was influential in the decision not to retain Lopez's position with the Office of Cooperatives. In support of this contention, Lopez presents the deposition testimony of Roberto Santiago-Cancel, Deputy Inspector for the Office of the Puerto Rico Credit Union Cooperative Inspector, in which he describes Velasco's actions in not accepting the proposal to retain Lopez's position. This evidence, coupled with the proximity in time to Lopez's charge of discrimination, could lead a reasonable jury to conclude that Lopez's position was terminated in retaliation for filing a complaint against Velasco. Given this, the court would be usurping the jury's role by deciding this issue summarily.

For the foregoing reasons the court **DENIES** Defendants' motion for reconsideration (Docket No. 121).

**Civil No. 08-1212(GAG)**               3

**SO ORDERED**

In San Juan, Puerto Rico this 4th day of March, 2010.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge